The judgment of the court was pronounced by
Preston, J.
In the spring of 1847, in a suit against Legg and Mirk, the defendant caused to be seized a fiatboat load of hay belonging to the plaintiffs, alleging that it belonged to him. The plaintiffs were in possession of the property seized, and intervened in the suit to claim it. After trial it was decreed to belong to them; and having been sold by the sheriff, by consent of parties, during the pendency of the suit, in June, the proceeds were delivered to them by the sheriff.
The defendant caused the property to be seized on the supposition that it was a flatboat of hay, the purchase of which he had ordered at Memphis by one Wasson. He by no means shows that he made proper investigations to ascertain that the property was his before he seized it. It turned out on trial to be the property of the plaintiffs, with whom the defendant and his agents had no relations, and indeed he shows scarcely any pretext for seizing the property.
The plaintiffs had raised the means of purchasing the hay at Aurora, in Indiana, by having discounted a bill on New Orleans. Their only means of payment was the proceeds of the cargo of hay, or the credit it gave them. The property being in litigation, they could not use these means of meeting their bill. It was prot-sted, and their credit and business broken up. The property of one of them was sold under execution for a small debt. They incurred expenses in New Orleans on account of the seizure of their property.
These consequences were not too remote to be considered by a jury in assessing their damages, for which this suit is brought. The damages were assessed, by the verdict of a jury, at six hundred and sixteen dollars and forty-six cents, and we are unable to say that the damages are excessive.
It is true, that the hay rose in value during the pendency of the suit. This no doubt was considered by the jury, but it was connected with the fact, that the plaintiffs had sold the whole cargo at the market price; had delivered a part, and that the purchaser refused to pay for that part in consequence of the nondelivery of the whole, and probably claimed the rise in the market price of hay as belonging to him, on the whole cargo.
The testimony of Wallace, offered by the defendant and rejected by the court, was evidently hearsay testimony, and was properly rejected, and ought not to have altered-the verdict if it had been admitted.
The testimony of Leeds and Weaver given in the suit between Walker and Legg and Mirk, offered by the plaintiffs and received by the court, is not before *522 us, nnd we cnnuot say that it prejudiced the defendant’s case, or indeed decide any thing in relation to it.
The allegation in the plaintiffs’ petition, that they had been subjected to lawyers’ fees, in consequence of the seizure of their property by the defendant, authorized the court to receive the testimony of Ilir. Bradford, which was objected to by the defendant.
We are of opinion, that the judgment of the district court should be affirmed, with costs in both courts.